Eric A. Buresh (*Pro Hac Vice*)
eric.buresh@eriseip.com
Abran J. Kean (*Pro Hac Vice*)
abran.kean@eriseip.com
Paul R. Hart (*Pro Hac Vice*)
paul.hart@eriseip.com
**ERISE IP, P.A.**
6201 College Boulevard
Suite 300
Overland Park, Kansas 66211
Phone: (913) 777-5600
Facsimile: (913) 777-5601

Julie Turner (State Bar No. 191146)
turner@turnerboyd.com
**Turner Boyd LLP**
2570 W. El Camino Real
Suite 380
Mountain View, CA 94040
(650) 521-5930

Attorneys for Defendant
SONY COMPUTER
ENTERTAINMENT AMERICA LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN GROBLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA LLC,<br><br>　　　　Defendant. | Case No.: 12-cv-01526-LHK(PSG)<br><br>**SONY'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INDUCED PATENT INFRINGEMENT**<br><br>Date:　　September 27, 2012<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 8<br>Judge:　　Hon. Lucy H. Koh |

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | PLEASE TAKE NOTICE that on September 27, 2012, at 1:30 p.m. in Courtroom 8, 4th Floor |
| 3 | of the San Jose Courthouse at 280 South 1st Street, San Jose, California, Defendant Sony Computer |
| 4 | Entertainment America LLC ("SCEA") will, and hereby does, move to dismiss under Rule 12(b)(6) |
| 5 | of the Federal Rules of Civil Procedure for failure to state a claim as to the induced patent |
| 6 | infringement claim asserted against it by Plaintiff Benjamin Grobler in his First Amended Complaint |
| 7 | for Patent Infringement. This Motion is based on this Notice of Motion and Motion, the |
| 8 | accompanying Memorandum of Points and Authorities, and the proposed order submitted herewith, |
| 9 | all papers and pleadings on file in this action, such other evidence and argument as may be presented |
| 10 | at or before any hearing on the motion, and all maters of which the Court may take judicial notice. |
| 11 | |
| 12 | **STATEMENT OF REQUESTED RELIEF** |
| 13 | Defendant SCEA moves the Court for an order dismissing Plaintiff Benjamin Grobler's |
| 14 | claim for induced patent infringement for failing to sufficiently allege that SCEA (1) possesses |
| 15 | specific intent to encourage its customers to infringe the asserted patent and (2) has actual |
| 16 | knowledge that its customers' conduct infringes the asserted patent. *See* Fed. R. Civ. P. 12(b)(6). |
| 17 | Pursuant to Local Rule 7-2(c), a proposed order is also being filed with this motion. |
| 18 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 19 | **I.  STATEMENT OF ISSUES** |
| 20 | Whether the Court should dismiss Mr. Grobler's induced patent infringement claim. |
| 21 | **II.  INTRODUCTION** |
| 22 | When Mr. Grobler filed this action on March 27, 2012, the entirety of Mr. Grobler's |
| 23 | allegations of patent infringement were contained in a single conclusory paragraph eight lines long. |
| 24 | *See* Complaint (Dkt. 1.) at ¶ 9. After multiple discussions between SCEA and Mr. Grobler's counsel |
| 25 | regarding pleading deficiencies, Mr. Grobler filed a First Amended Complaint ("Amended |
| 26 | Complaint") (Dkt. 22.). In the Amended Complaint, Mr. Grobler deleted his previous contributory |
| 27 | infringement claim. Mr. Grobler did not, however, withdraw his induced infringement claim, even |
| 28 | though there are no facts to support such a claim and Mr. Grobler has not identified any. |

More particularly, the Amended Complaint fails to plausibly allege that SCEA ever possessed the specific intent to encourage its customers to infringe U.S. Patent No. 6,799,084 ("the '084 patent") as required to state a claim for induced infringement. Under the heightened pleading standard recently confirmed by the Federal Circuit, it is not sufficient for Mr. Grobler to provide conclusory assertions of intent or to parrot the legal requirement. Instead, Mr. Grobler must allege specific facts that create a plausible inference that SCEA formed a specific intent to induce infringement of the '084 patent. Because the Amended Complaint remains insufficient, the Court should dismiss Mr. Grobler's claim of induced patent infringement under Rule 12(b)(6).

### III. MR. GROBLER'S INDUCED PATENT INFRINGEMENT CLAIM SHOULD BE DISMISSED

In its recent *In re Bill of Lading Transmission Processing and System Patent Litigation* decision (681 F.3d 1323, 1337 (Fed. Cir. 2012)), the Federal Circuit clarified that the allegations of induced patent infringement must comply with the heightened pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007). Here, Mr. Grobler's amended claim for induced patent infringement is inadequate – it runs afoul of the Supreme Court's proscription against pleadings that allege causes of action with nothing more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]" or "a formulaic recitation of the elements of a cause of action." *See Iqbal* 556 U.S. at 677-78. Indeed, Mr. Grobler's Complaint fails to allege sufficient facts necessary to support its induced infringement allegations, and relies only on "naked assertion[s]" devoid of "further factual enhancement." *See Twombly*, 550 U.S. at 557.

Induced patent infringement requires that defendant has (1) knowledge of the asserted patent, (2) specific intent to induce infringement of the asserted patent, and (3) knowledge that the induced acts constitute infringement of the asserted patent. *Bill of Lading*, 681 F.3d at 1339 (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)). To survive a motion to dismiss, Mr. Grobler must plead "facts plausibly showing that [SCEA] specifically intended [its] customers to infringe the ['084] patent and knew that the customers' acts constituted infringement." *Id.*; *see also Pagemelding, Inc. v. ESPN, Inc.*, C 11-06263 WHA, 2012 WL 2285201, at *1 (N.D. Cal. June

18, 2012) (the "factual allegations must support reasonable inferences" of specific intent to induce infringement of the asserted patent, and of knowledge that the induced conduct constituted infringement of the asserted patent).

The Amended Complaint fails to allege the necessary facts to support an inference of either specific intent to induce or knowledge of infringement. The only conduct that Mr. Grobler alleges is that SCEA encourages users of the PlayStation Network to rent movies online for a limited period of time. *See* Amended Complaint (Dkt. 22) at 2 (alleging that SCEA "advertises" and "provides instructions on how to use the Playstation Network system to download and view . . . rental movies."). But Mr. Grobler has not alleged, nor could he, that he invented the concept of renting movies online for a limited period of time and captured that invention in the '084 patent. The mere fact that SCEA continues to operate a general facet of its business—a facet that Mr. Grobler does not contend he invented—cannot support an inference that SCEA intended to induce infringement. Because Mr. Grobler's bare pleadings are insufficient, the Court should dismiss Mr. Grobler's claim of induced patent infringement under Rule 12(b)(6).

### A. Mr. Grobler's First Amended Complaint Does Not Allege Facts Sufficient to Support an Inference that SCEA Has Specific Intent to Encourage Its Customers' Alleged Infringement of the Asserted '084 Patent

Inducement under 35 U.S.C. § 271(b) sets a high bar, and at the pleading stage "the complaint must contain facts plausibly showing that defendant specifically intended another party to infringe the patent." *Pagemelding,* 2012 WL 2285201 at *1 (citing *Bill of Lading,* 681 F.3d 1339-40). "[I]n assessing whether it is reasonable to infer intent . . . a court must assess the facts in the context in which they occurred." *Bill of Lading*, 681 F.3d at 1340 (citing *Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1324-25 (2011)).

*Bill of Lading* and the district court decisions following it demonstrate that to support an inference of specific intent to induce infringement, a plaintiff must plead detailed factual allegations that demonstrate *specific conduct* in which an accused infringer has engaged.[1] For example, in

---

[1] Even before *Bill of Lading*, courts in the Northern District of California required detailed factual allegations to support a claim of induced patent infringement. *See Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.,* C 11-04049-JW, 2012 WL 2343163, at *4 (N.D. Cal. June 5, 2012) (dismissing induced patent infringement claim where plaintiff only generally alleged that the defendant provided instructions for use of defendant's product); *Guzik Technical Enterprises, Inc. v. W. Digital Corp.,*

assessing the plaintiff's allegations in several complaints consolidated in the *Bill of Lading* case, the Federal Circuit analyzed "detailed factual allegations, including attached exhibits . . . each over one-hundred pages in length." *Bill of Lading*, 681 F.3d at 1330. The court noted each complaint "outlines various products sold" and alleges specific facts about these products through "quotations from [the defendants'] websites, advertising, and industry publications." *Id.* Further, each complaint contained detailed factual allegations about the defendants' "strategic partnerships with other companies, their advertising, and their involvement at trade shows." *Id.* As an example, plaintiff's amended complaint against Qualcomm spanned more than 150 paragraphs of detailed factual allegations and expressly articulated over 30 paragraphs of reasonable inferences of specific intent that may be drawn therefrom. *See* Hart Decl., ¶ 3 & Ex. A (Qualcomm Complaint). Only in light of these substantial and detailed factual allegations describing the defendant's *specific conduct* could a reasonable inference be drawn that the defendant specifically intended its customers to infringe the asserted patent. *Id.* at 1340; *see also Pagemelding*, 2012 WL 2285201 at *2 (following *Bill of Lading*, the court allowed amended pleading of induced patent infringement where plaintiff included more than 100 paragraphs of detailed factual allegations to support claim of induced infringement) (*Pagemelding* Amended Complaint attached as Ex. B to the Hart Declaration); *Pragmatus Telecom, LLC v. Ford Motor Co.*, CIV.A. 12-92-RGA, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) (following *Bill of Lading,* the court dismissed the induced patent infringement claim because plaintiff failed to allege any facts "from which one could infer that the allegation [of specific intent] is plausible" and failed to allege specific conduct that defendant Ford's customers engaged in that could plausibly constitute direct infringement); *IPLearn, LLC v. Beeline Acquisition Corp., et al.*, No. 11-825-RGA, Dkt. No. 172 at *2 & fn.3 (D. Del. July 2, 2012) (following *Bill of Lading*, the court found allegations that defendants sold certain accused products to defendant's customers was insufficient to plead a claim for induced patent infringement, noted that induced infringement was "wholly unsupported by any [relevant] factual allegation," and implied that an inducement claim

---

11-CV-03786-PSG, 2012 WL 1669355, at *1-3 (N.D. Cal. May 11, 2012) (finding general allegations that defendant markets and provides instructions for use of defendant's products are insufficient to support a plausible inference of intent to induce patent infringement).

must plead "what the customers did") (*IPLearn* decision and 50-page First Amended Complaint attached as Exhs. C and Ex. D to the Hart Declaration).

In stark contrast to the extensive factual allegations in *Bill of Lading* and other recent cases, Mr. Grobler's Amended Complaint includes only the following two sentences of factual allegations for his induced patent infringement claim:

> "[T]hrough its website at http://www.us.playstation.com/, <u>Sony advertises</u> the feature in the Playstation Network system whereby a user can download and view for a limited period of time rental movies on a Playstation device. Through its website, <u>Sony furthermore provides instructions</u> on how to use the Playstation Network system to download and view such rental movies."

Amended Complaint (Dkt. 22) at ¶ 10 (emphasis added). From the above terse and general allegations, there is simply no basis to infer any specific intent on the part of SCEA to encourage its customers to infringe the asserted '084 patent. Mr. Grobler's Amended Complaint does not allege any *specific conduct* SCEA has engaged in that could support a "reasonable inference that [SCEA] specifically intended another party to infringe the patent." *Pagemelding,* 2012 WL 2285201 at *1. Mr. Grobler does not identify any specific SCEA advertising nor does he identify any specific instructions that SCEA gave to its customers after SCEA allegedly learned of the '084 patent to induce others to infringe the '084 patent. Amended Complaint (Dkt. 22) at ¶ 10 (alleging that SCEA knew of the '084 patent since at least March 2012, when Mr. Grobler filed his original complaint against SCEA). In fact, because the PlayStation Network is a general, multi-purpose Internet platform that supports numerous movie services (e.g., Netflix and Hulu) and numerous end user devices (e.g., the PlayStation 2 and the PlayStation 3 entertainment systems), Mr. Grobler's factual allegations fail to even identify what customer conduct SCEA is alleged to have induced. *See IPLearn* at fn. 3 (attached as Ex. C to the Hart Declaration).

Moreover, Mr. Grobler has failed to allege specific facts that plausibly suggest a specific element or elements of a claim in the '084 patent have been practiced by SCEA's customers. *See Bill of Lading*, 681 F.3d at 1342-43. Under *Bill of Lading*, Mr. Grobler must plead detailed factual allegations describing SCEA's specific conduct to support the reasonable inference that SCEA specifically intended to induce its customers' infringement. Because the Amended Complaint fails

to allege *any* specific conduct, Mr. Grobler's claim for inducement falls far short of the heightened pleading standard for induced patent infringement and thus should be dismissed.

### B. Mr. Grobler's Amended Complaint Does Not Allege That SCEA Has Knowledge of its Customers' Alleged Infringement of the Asserted '084 Patent and Does Not Allege Facts Sufficient to Infer Such Knowledge

Mr. Grobler's Amended Complaint further fails to allege that SCEA knew that its customers' conduct constituted patent infringement. Instead, the Amended Complaint states on information and belief that SCEA "knew or should have known" its conduct "would induce its customers' direct infringement." Amended Complaint (Dkt. 22) at ¶ 10. Mr. Grobler's "in the alternative" pleading is insufficient. The Supreme Court in *Global-Tech* made clear that mere negligence is not enough to sustain a claim for induced patent infringement. An accused infringer must have had actual knowledge or have been willfully blind to the fact that the induced acts constitute patent infringement. *Global-Tech*, 131 S. Ct. at 2068. To the contrary, Mr. Grobler's Amended Complaint would hold SCEA liable for induced patent infringement based on mere negligence – that SCEA "should have known" its conduct would induce infringement.

The error is more than typographical. Even if Mr. Grobler had alleged actual knowledge, there are no facts pled from which such an inference can be reasonably drawn. Moreover, even if Mr. Grobler supplements his pleadings with detailed factual allegations regarding direct infringement, the analysis then requires an assessment of whether the facts alleged plausibly suggest that the elements of the '084 claims are satisfied. *See Bill of Lading*, 681 F.3d at 1342-43 ("failure to allege facts that plausibly suggest a specific element or elements of a claim have been practiced may be fatal in the context of a motion to dismiss"). Here, there are no facts alleged that plausibly suggest the elements of any claim of the '084 patent has been met. Because Grobler has failed to allege that SCEA knew it was inducing patent infringement, the Court should dismiss Mr. Grobler's induced infringement claim under Rule 12(b)(6).

///

///

///

///

6                                                                    SONY'S MOTION TO DISMISS
                                                                       12-cv-01526-DMR

# IV. CONCLUSION

For the foregoing reasons, SCEA requests that the Court dismiss Mr. Grobler's claim for induced infringement.

Dated: July 11, 2012

Respectfully submitted,

Erise IP, P.A.

By: */s/ Paul R. Hart*
    Paul R. Hart

Attorneys for Defendant
SONY COMPUTER ENTERTAINMENT AMERICA LLP