UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN GROBLER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SONY COMPUER ENTERTAINMENT AMERICA LLC,<br><br>　　　　　　Defendant. | Case No.: 5:12-CV-01526-LHK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Plaintiff Benjamin Grobler ("Grobler") filed this action against Sony Computer Entertainment America LLC ("Sony") on March 27, 2012, alleging direct and indirect infringement (contributory infringement and induced infringement) of U.S. Patent No. 6,799,084 ("the '084 Patent"). ECF No. 1. On June 27, 2012, Grobler filed an amended complaint ("AC"), which removed the contributory infringement claim and limited the indirect infringement claim to induced infringement. ECF No. 22. Now before the Court is Sony's motion to dismiss the induced infringement claim of the AC. ECF No. 24 ("Mot."). Grobler filed an opposition, ECF No. 31, and Sony filed a reply. ECF No. 32. Having reviewed the parties' pleadings and the relevant law, the Court found this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the December 13, 2012 hearing was vacated. ECF No. 43. For the reasons discussed below, the Court GRANTS Sony's motion to dismiss with leave to amend.

**I. Background**

1

Case No.: 5:12-CV-01526-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On September 28, 2004, the '084 Patent, entitled "Data Vending System," was issued to Grobler. AC at ¶ 7 & Exh. A. Sony is a Delaware corporation that, among other things, operates the Sony PlayStation Network system. *Id.* at ¶¶ 2, 9. On March 27, 2012, Grobler filed this suit against Sony, alleging that Sony infringes the '084 Patent by making, using, importing, offering to sell, and/or selling in the United states, systems for data vending, including the Sony PlayStation Network system. *Id*. at ¶ 9. Gobler also alleged that Sony infringed one or more claims of the '084 Patent by contributing to and/or inducing its customers' infringement using such systems. *Id*. Grobler then filed the AC, limiting the indirect infringement claim to a claim that Sony indirectly infringes one or more claims of the '084 Patent by inducing its customers' infringement using the Sony PlayStation Network system. AC at ¶ 10. Sony now moves to dismiss the induced infringement claim for failure to meet the pleading requirements for indirect patent infringement.

**II.  Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Under Federal Rule of Civil Procedure 8, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). While "'detailed factual allegations'" are not required, a complaint must include sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A claim for indirect patent infringement must satisfy the specific requirements articulated in *Twombly* and *Iqbal*. *See In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). For purposes of ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008).

2

Case No.: 5:12-CV-01526-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000). A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *see also Abagninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 742 (9th Cir. 2008) (repeated failure to cure deficiencies by previous amendment sufficient to deny leave to amend).

### III. Discussion

#### A. Induced Infringement

35 U.S.C. § 271(b) provides: "Whoever actively induces infringement of a patent shall be liable as an infringer." Indirect patent infringement (including inducement) requires an allegation of direct infringement by another. *Dynacore Holdings Corp. v. U.S. Philips Corp.,* 363 F.3d 1263, 1274 (Fed. Cir. 2004). In addition, inducement requires proof that the defendant "possessed the requisite knowledge or intent to be held vicariously liable." *Dynacore Holdings,* 363 F.3d at 1273 (internal citations omitted). To survive a motion to dismiss, a plaintiff must plead "facts plausibly showing that the [defendants] specifically intended their customers to infringe the [patent] and knew that the customers' acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339.

Grobler's allegations concerning induced infringement are as follows:

> On information and belief, Sony indirectly infringes one or more claims of the '084 patent by inducing its customers' infringement using such systems. On information and belief, Sony has had knowledge of the '084 patent since at least March 27, 2012, the filing date of this action. Despite this knowledge of the '084 patent, Sony has continued to engage in activities to encourage and assist its customers who use the Playstation Network system to directly infringe one or more claims of the '084 patent. For example, through its website at http://www.us.playstation.com/, Sony advertises the feature in the Playstation Network system whereby a user can download and view for a limited period of time rental movies on a Playstation device. Through its website, Sony furthermore provides instructions on how to use the Playstation Network system to download and view such rental movies. On information and belief, by using this feature in the Playstation Network system to download and view rental movies, Sony's customers have directly infringed and

3

Case No.: 5:12-CV-01526-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

> continue to directly infringe one or more claims of the '084 Patent. On information and belief, Sony knew or should have known its activities in encouraging and assisting customers in the use of the Playstation Network system, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '084 patent.

AC at ¶ 10.

Rule 8 requires that a complaint, including one alleging claims for induced infringement, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Here, Grobler has alleged both who committed the alleged direct infringement (Sony's customers) and how (by downloading rental movies using Playstation devices). At this stage, the Court takes these allegations as true. Thus, Grobler has sufficiently alleged direct infringement by another.

Grobler has not, however, alleged sufficient facts supporting an inference of intent to induce infringement. It is clear that Grobler has alleged facts sufficient to support an inference that Sony intends its customers to download rental movies. It is also clear that Grobler has alleged facts sufficient to support an inference that Sony had knowledge of the '084 Patent at least as of the filing of the complaint. However, a complaint for induced infringement "must contain facts plausibly showing that [defendants] specifically intended their customers to infringe the. . . patent and knew that the customer's act constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339. A bare allegation that Sony knew of the patent and "knew or should have known its activities in encouraging and assisting customers in the use of the Playstation Network system. . . would induce its customers' direct infringement," AC at ¶ 10, does not contain any factual allegations that could plausibly support an inference of intent, and is precisely the type of "formulaic recitation of a cause of action's elements" that the Supreme Court held insufficient in *Twombly*. 550 U.S. at 555. Rather, to survive a motion to dismiss, Grobler must include some factual allegations that could establish that Sony knew not just that Grobler had the '084 Patent, but that Sony's customers' downloading of rental movies would infringe the '084 Patent.

In sum, Grobler has not alleged sufficient facts concerning Sony's intent to plausibly state a claim for induced infringement. Accordingly, Sony's motion to dismiss Grobler's claim for induced infringement is GRANTED.

B. <u>Leave to Amend</u>

This dismissal of the induced infringement claim of the AC is due to a deficiency in pleading. Grobler may be able to cure this deficiency by the allegation of additional facts. Accordingly, the Court grants Grobler leave to amend his complaint. An amended complaint, if any, must be filed within 21 days of the date of this Order. Grobler may not add new claims or parties without seeking the opposing party's consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15. Failure to cure the deficiencies identified herein or to timely file an amended complaint will result in dismissal of the induced infringement claim with prejudice.

**IT IS SO ORDERED.**

Dated: January 25, 2013

_____
LUCY H. KOH
United States District Judge

5
Case No.: 5:12-CV-01526-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS