Christopher D. Banys (State Bar No. 230038)
Richard C. Lin     (State Bar No. 209233)
Jennifer C. Lu     (State Bar No. 255820)
cdb@lanierlawfirm.com
rcl@lanierlawfirm.com
jcl@lanierlawfirm.com
THE LANIER LAW FIRM, P.C.
2200 Geng Road, Suite 200
Palo Alto, California 94303
Telephone:  (650) 322-9100
Facsimile:   (650) 322-9103

Attorneys for Plaintiff,
BENJAMIN GROBLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BENJAMIN GROBLER,<br><br>             Plaintiff,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA LLC,<br><br>             Defendant. | Case No. 5:12-cv-01526-JST (PSG)<br><br>**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to the Court's January 25, 2013 Order regarding Defendant Sony Computer Entertainment America LLC's ("Sony") Motion to Dismiss (Dkt. No. 45), Plaintiff Benjamin Grobler, for his Second Amended Complaint against Sony, hereby alleges as follows:

## THE PARTIES

1. Plaintiff Benjamin Grobler ("Grobler") is an individual residing in Pretoria, South Africa. Grobler is a citizen of South Africa.

2. On information and belief, Defendant Sony Computer Entertainment America LLC ("Sony") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 919 E. Hillsdale Blvd., Foster City, CA 94404.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§101 *et seq.* This Court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §§1331 and 1338(a).

4. This Court has specific and/or general personal jurisdiction over Defendant Sony because it has committed acts giving rise to this action within this judicial district and/or has established minimum contacts within California and within this judicial district such that the exercise of jurisdiction over Sony would not offend traditional notions of fair play and substantial justice.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Defendant Sony has committed acts within this judicial district giving rise to this action, and continues to conduct business in this district, and/or has committed acts of patent infringement within this District giving rise to this action.

## BACKGROUND AND INFRINGEMENT OF U.S. PATENT 6,799,084

6. Grobler re-alleges and incorporates by reference the allegations set forth in the preceding Paragraphs as if fully set forth herein.

7. On September 28, 2004, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 6,799,084 ("the '084 patent") entitled "Data Vending System" to the inventor Benjamin Grobler. A true and correct copy of the '084 patent is attached hereto as **Exhibit A**.

8. Grobler is the owner and assignee of all right, title, and interest in and to the '084 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

9. On information and belief, Sony has infringed and continues to infringe one or more claims of the '084 patent in the State of California, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States systems for data vending, including but not limited to the Sony PlayStation Network system.

10. On information and belief, Sony indirectly infringes one or more claims of the '084 patent by inducing its customers' infringement using such systems. On information and belief, Sony has had knowledge of the '084 patent since at least March 27, 2012, the filing date of this action. In addition, Sony has had knowledge of Grobler's specific allegations of Sony's infringement of claims 1 and 4 of the '084 patent since at least October 5, 2012. On that date and at Sony's request, Grobler's counsel provided Sony's counsel with a detailed infringement chart explaining how the functionality in Sony's PlayStation Network system of controlling the activation and deactivation of Sony's PlayStation 3, PSP, and PS Vita devices to receive digital content over the PlayStation Network infringes claim 1 of the '084 patent. That same infringement chart also included a detailed explanation of how the functionality in Sony's PlayStation Network that permits customers to download rental movies from the PlayStation Network onto Sony PlayStation 3, PSP, and PS Vita devices and view them for a limited period of time infringes claim 4 of the '084 patent.

11. On information and belief, Sony's counsel reviewed these infringement charts upon receipt on or about October 5, 2012, discussed them with other Sony personnel, and Sony thereby understood how the PlayStation Network system (including Sony's PlayStation 3, PSP, and PS Vita devices) and its use by Sony's customers infringes claims 1 and 4 of the '084 patent.

12. Additionally, on December 27, 2012, Grobler provided his formal Patent Local Rule 3-1 disclosure of infringement contentions to Sony in this case, which included further details regarding how Sony directly infringes claims 1 and 4 of the '084 patent as well as further details regarding how Sony induces its customers' direct infringement of claims 1 and 4 by encouraging and assisting its customers

in the use of the infringing functionality in the PlayStation Network system discussed in paragraph 10 above.

13. On or about December 31, 2012, Sony submitted to the United States Patent & Trademark Office a Petition for *Inter Partes* Review of the '084 patent pursuant to 35 U.S.C. § 311 and 37 C.F.R. § 42.100 *et seq*. In that petition, Sony referenced and discussed Grobler's Patent Local Rule 3-1 disclosure of infringement contentions, further evidencing that Sony had actual notice of and fully understood the extent of Grobler's infringement allegations with respect to claims 1 and 4 of the '084 patent.

14. Despite Sony's knowledge of the '084 patent and its infringement of at least claims 1 and 4 of the '084 patent, Sony has continued to engage in activities to encourage and assist its customers who use the PlayStation Network system to directly infringe claims 1 and 4. For example, through its website at http://www.us.playstation.com/, Sony advertises the functionality in the PlayStation Network system for activating and deactivating PlayStation 3, PSP, and PS Vita devices, as well as the functionality in that system whereby a user can download and view for a limited period of time rental movies on a PlayStation 3, PSP, or PS Vita device – specific functionality in the PlayStation Network system that Grobler had identified to Sony as infringing the '084 patent, as set forth in the paragraphs above. Through its website, Sony furthermore provides instructions on how to use this infringing functionality in the PlayStation Network system. On information and belief, by using these features in the PlayStation Network system to activate and deactivate PlayStation 3, PSP, and PS Vita devices as well as download and view rental movies on these devices, Sony's customers have directly infringed and continue to directly infringe at least claims 1 and 4 of the '084 patent.

15. On information and belief, given all the information Sony possessed regarding the '084 patent and Grobler's infringement allegations as set forth in the paragraphs above, Sony either knew or was willfully blind to the fact that its activities in encouraging and assisting customers in the use of the accused functionality in the PlayStation Network system, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '084 patent.

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT 3 CASE NO.: 5:12-CV-01526-JST (PSG)

16. On information and belief, Sony will continue to infringe the '084 patent unless enjoined by this Court.

17. Sony's acts of infringement have damaged Grobler in an amount to be proven at trial, but in no event less than a reasonable royalty. Sony's infringement of Grobler's rights under the '084 patent will continue to damage Grobler causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Grobler prays for relief as follows:

a. For judgment that Sony has infringed and continues to infringe the claims of the '084 patent;

b. For a permanent injunction against Sony and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '084 patent;

c. For an accounting of all damages caused by Sony's acts of infringement;

d. For a judgment and order requiring Sony to pay Grobler's damages, costs, expenses, and pre- and post-judgment interest for its infringement of the '084 patent as provided under 35 U.S.C. §284;

e. For a judgment and order finding this to be an exceptional case, and awarding Grobler attorney fees under 35 U.S.C. §285; and

f. For such relief at law and in equity as the Court may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

18. Grobler demands a trial by jury of all issues triable by a jury.

Dated: February 14, 2013                    Respectfully submitted,

By: */s/ Christopher D. Banys*
    Christopher D. Banys   (230038)
    Richard C. Lin         (209233)
    Jennifer C. Lu         (255820)

cdb@lanierlawfirm.com
rcl@lanierlawfirm.com
jcl@lanierlawfirm.com
The Lanier Law Firm, P.C.
2200 Geng Road, Suite 200
Palo Alto, CA 94303
Tel: (650) 332-9100
Fax: (650) 322-9103

Attorneys for Plaintiff,
BENJAMIN GROBLER