1 Eric A. Buresh (*Pro Hac Vice*)
eric.buresh@eriseip.com
2 **ERISE IP, P.A.**
6201 College Boulevard
3 Suite 300
Overland Park, Kansas 66211
4
5 Abran J. Kean (*Pro Hac Vice*)
abran.kean@eriseip.com
6 Paul R. Hart (*Pro Hac Vice*)
paul.hart@eriseip.com
7 **ERISE IP, P.A.**
5300 DTC Parkway
8 Suite 210
Greenwood Village, CO 80111
9 Phone: (913) 777-5600
Facsimile: (913) 777-5601

10 Julie S. Turner (State Bar No. 191146)
Steven W. Flanders (State Bar No. 206563)
11 **Turner Boyd LLP**
2570 W. El Camino Real
12 Suite 380
Mountain View, CA 94040
13 (650) 521-5930

14 Attorneys for Defendant
SONY COMPUTER
15 ENTERTAINMENT AMERICA LLC

16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN GROBLER, | Case No.: 12-cv-01526-JST (PSG) |
| Plaintiff, | **SONY'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INDUCED PATENT INFRINGEMENT** |
| v. | |
| SONY COMPUTER ENTERTAINMENT AMERICA LLC, | Date: April 4, 2013<br>Time: 2:00 p.m.<br>Place: Courtroom 9, 19th Floor<br>Judge: Hon. Jon S. Tigar |
| Defendant. | |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on April 4, 2013 at 2:00 p.m., Defendant Sony Computer Entertainment America LLC ("SCEA") will, and hereby does, move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim as to the induced patent infringement claim asserted against it by Plaintiff Benjamin Grobler ("Grobler") in his Second Amended Complaint for Patent Infringement. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the proposed order submitted herewith, all papers and pleadings on file in this action, such other evidence and argument as may be presented at or before any hearing on the motion, and all matters of which the Court may take judicial notice.

**STATEMENT OF REQUESTED RELIEF**

SCEA moves the Court for an order dismissing Plaintiff Benjamin Grobler's claim for induced patent infringement for failing to sufficiently allege that SCEA (1) possesses specific intent to encourage its customers to infringe the asserted patent and (2) has actual knowledge that its customers' conduct infringes the asserted patent. *See* Fed. R. Civ. P. 12(b)(6). Pursuant to Local Rule 7-2(c), a proposed order is also being filed with this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  STATEMENT OF ISSUES**

Whether the Court should dismiss Mr. Grobler's induced infringement claim with prejudice?

**II.  INTRODUCTION**

On January 25, 2013, before this case was reassigned, Judge Koh granted SCEA's motion to dismiss Grobler's claim for induced infringement that was included in its First Amended Complaint. Specifically, Judge Koh noted that Grobler's First Amended Complaint "does not contain any factual allegations that could plausibly support an inference of intent, and is precisely the type of 'formulaic recitation of a cause of action's elements' that the Supreme Court held insufficient in *Twombly*." (Dkt. 45 at 4:21-23). Judge Koh granted Grobler leave to amend to cure the deficiencies in its pleading, and provided instructions that "Grobler must include some factual allegations that could establish that Sony knew not just that Grobler had United States Patent Number 6,799,084 (the "'084

Patent"), but that Sony's customers' downloading of rental movies would infringe the '084 Patent." (*Id.* at 4:24-26). Grobler has not followed Judge Koh's instruction. Because Grobler's Second Amended Complaint fails to cure the deficiencies identified by Judge Koh, Grobler's claim for induced patent infringement should be dismissed with prejudice.

## III. BACKGROUND

Grobler filed his Complaint against SCEA on March 21, 2012. *See* Complaint (Dkt. 1). Because Grobler's Complaint insufficiently alleged induced and contributory infringement, SCEA conferred with Grobler regarding amending his pleading. In response, Grobler filed a First Amended Complaint on June 27, 2012. *See* First Amended Complaint (Dkt. 22). Grobler dropped his contributory infringement claim, but reiterated his deficient allegation of induced infringement. *See id.* Accordingly, SCEA moved to dismiss Grobler's induced infringement claim on July 11, 2012. *See* Motion to Dismiss (Dkt. 24). In his PLR 3-1 contentions, served on December 27, 2012, Grobler cited to the statements in his First Amended Complaint as the sole description of SCEA activities that allegedly induce infringement. (*See* Ex. 2 to Dkt. 48, Grobler's PLR 3-1 Infringement Contentions.) On January 25, 2013, this Court granted SCEA's motion to dismiss Grobler's induced infringement claim, and granted Grobler leave to amend, but warned that "[f]ailure to cure the deficiencies . . . will result in dismissal of the induced infringement claim with prejudice." *See* Order (Dkt. 45). Grobler filed a Second Amended Complaint on February 14, 2013. (Dkt. 47). Grobler's allegations of induced infringement remain deficient.

## IV. RELEVANT CASELAW

The Federal Circuit clarified in *In re Bill of Lading and Transmission Processing Sys. Patent Litig.* (681 F.3d 1323, 1337 (Fed. Cir. 2012) that allegations of induced patent infringement must comply with the heightened pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 557 (2007), which demand more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]" or "formulaic recitation[s] of the elements of a cause of action." *See Iqbal*, 556 U.S. at 677-78.[1]

---

[1] Even before *Bill of Lading*, courts in the Northern District of California required detailed factual allegations to support a claim of induced patent infringement. See *Avocet Sports Tech., Inc. v.*

Induced patent infringement requires that defendant has (1) knowledge of the asserted patent, (2) specific intent to induce infringement of the asserted patent, and (3) knowledge that the induced acts constitute infringement of the asserted patent. *Bill of Lading*, 681 F.3d at 1339 (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)). Specifically, to survive a motion to dismiss, Mr. Grobler must plead "facts plausibly showing that (1) [SCEA] specifically intended [its] customers to infringe the ['084] patent and (2) knew that the customers' acts constituted infringement." *Bill of Lading*, 681 F.3d at 1339 (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)); *see also Pagemelding, Inc. v. ESPN, Inc.*, C 11-06263 WHA, 2012 WL 2285201, at *1 (N.D. Cal. June 18, 2012) (the "factual allegations must support reasonable inferences" of specific intent to induce infringement of the asserted patent, and of knowledge that the induced conduct constituted infringement of the asserted patent).

At the pleading stage, "the complaint must contain facts plausibly showing that defendant specifically intended another party to infringe the patent." *Pagemelding*, 2012 WL 2285201 at *1 (citing *Bill of Lading*, 681 F.3d 1339-40). "In assessing whether it is reasonable to infer intent … a court must assess the facts in the context in which they occurred." *Bill of Lading*, 681 F.3d at 1340 (citing *Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1324-25 (2011)). By way of example, in assessing the plaintiff's allegations in several complaints consolidated in the *Bill of Lading* case, the Federal Circuit analyzed "detailed factual allegations, including attached exhibits …each over one-hundred pages in length." *Bill of Lading*, 681 F.3d at 1330. The court noted each complaint "outlines various products sold" and alleges specific facts about these products through "quotations from [the defendants'] websites, advertising, and industry publications." *Id.* Further, each complaint contained detailed factual allegations about the defendants' "strategic partnerships with other companies, their advertising, and their involvement at trade shows." *Id.* Only in light of

---

*Garmin Int'l, Inc.*, C 11-04049-JW, 2012 WL 2343163, at *4 (N.D. Cal. June 5, 2012) (dismissing induced patent infringement claim where plaintiff only generally alleged that the defendant provided instructions for use of defendant's product); *Guzik Tech. Enters., Inc. v. W. Digital Corp.*, 11-CV-03786-PSG, 2012 WL 1669355, at *1-3 (N.D. Cal. May 11, 2012) (Judge Grewal decided that general allegations that defendant markets and provides instructions for use of defendant's products are insufficient to support a plausible inference of intent to induce patent infringement).

these substantial and detailed factual allegations describing the defendant's *specific conduct* could a reasonable inference be drawn that the defendant specifically intended its customers to infringe the asserted patent. *Id.* at 1340; *see also Pagemelding*, 2012 WL 2285201 at *2 (following *Bill of Lading*, the court allowed amended pleading of induced patent infringement where plaintiff included more than 100 paragraphs of detailed factual allegations to support claim of induced infringement) (*Pagemelding* Amended Complaint attached at Dkt. 25 Ex. B); *see also Asetek Holdings, Inc. v. CoolIT Sys., Inc.*, No. C-12-4498, 2013 WL 256522 at *2 (N.D. Cal. Jan. 23, 2013) ("Claims for indirect infringement are not sufficiently pled merely by complying with Form 18 standards."); *CreAgri, Inc. v. Pinnaclife Inc*., No. 5:11-CV-06635-LHK, 2013 WL 11569 at *3-4 (N.D. Cal. Jan. 1, 2013) (in granting a motion to dismiss an induced patent infringement claim, Judge Koh stated that "plaintiff would, at a minimum, have to identify who allegedly directly infringed <u>and how</u>, or would have to allege that use of some particular product <u>necessarily infringed</u>" and found that plaintiff had "not alleged any facts supporting an inference of intent to induce infringement" because "the conclusory statement that . . . [defendant] publishes documents 'intending' that persons infringe . . . does not provide any facts at all from which such an inference could be drawn") (emphasis added).

## V. GROBLER'S INDUCED INFRINGEMENT CLAIM SHOULD BE DISMISSED

In Judge Koh's Order dismissing Grobler's allegations of induced infringement, she instructed Grobler that, to cure the deficiencies, "Grobler must include some factual allegations that could establish that Sony knew not just that Grobler had the '084 Patent, but that Sony's customers' downloading of rental movies would infringe the '084 Patent." (Dkt. 45 at 24:24-26). Rather than providing the required factual allegations, Grobler attempts to obfuscate the issue with three additions. Superficially, Grobler's additions add more words to its complaint but, substantively, Grobler does nothing to cure the deficiencies identified by Judge Koh.

First, Grobler obscures the allegedly inducing actions taken by SCEA. (Dkt. 47 at 2-3). Before, Grobler had alleged that SCEA induced infringement by maintaining a website that advertises a downloading feature for rental movies. (Dkt. 22 at 2). Judge Koh determined that such allegations were inadequate to plead induced infringement, and Grobler was prompted by the Court

to provide some factual allegations that could establish that SCEA knew that its "customers' downloading of rental movies would infringe the '084 Patent. (Dkt. 45 at 4). Grobler ignored that instruction and, instead, added a new inducement theory in his Second Amended Complaint that was never even alluded to in his previous original Complaint (Dkt. 1) or First Amended Complaint (Dk. 22). Now Grobler alleges that SCEA induces infringement by maintaining a website that advertises devices with an activating and deactivating functionality. (Dkt. 47 at 2-3). Grobler's allegations are different, but no less inadequate. *See id.* Grobler has not provided any factual allegations that support the inference that SCEA knows that activating and deactivating devices would necessarily infringe the '084 Patent. *See id.* Grobler's inducement theory should thus be dismissed, this time with prejudice, for the exact same reasons outlined in Judge Koh's Order.

Second, Grobler attempts to confuse the analysis by referencing his infringement contentions, which were served on December 27, 2012. These contentions are just a distraction here. One flaw with relying on infringement contentions is that, under Grobler's apparent reasoning, induced infringement could be deemed well pled after-the-fact (after a deficient complaint has been filed) in every case once infringement contentions are served, regardless of the lack of plausibility of any inferences to be drawn therefrom. There is no support in law or logic for this reasoning. Another flaw is specific to the circumstances here. Grobler's infringement contentions, which are deficient in their own right (*see* Dkt. 48, SCEA's Motion to Compel Compliant Infringement Contentions), simply incorporate by reference the inducement allegations from Grobler's now-dismissed First Amended Complaint. (Ex. A, Grobler's PIC's ("Grobler further asserts that Sony induces infringement of claims 1 and 4 under 35 U.S.C. § 271(b) by encouraging and assisting its customers who use the PlayStation Network system to directly infringe these claims, as described in detail in Grobler's First Amended Complaint for Patent Infringement (Dkt. No. 22)."). In other words, Grobler simply repackages already-dismissed conclusory pleadings into his infringement contentions and into his Second Amended Complaint. But the additional layers of abstraction do nothing to cure the deficiencies that Judge Koh found in Grobler's First Amended Complaint.

Third, Grobler points to SCEA's petition for *Inter Partes Review* ("IPR"), filed on December 31, 2012, as support for his inducement theory. But SCEA's validity challenge in the IPR to each of

the two asserted claims does not plausibly support an inference that SCEA intended to induce infringement, as Judge Koh's Order required.  Instead, SCEA's IPR proves the contrary conclusion regarding SCEA's intent—the IPR shows that SCEA believes this lawsuit is meritless, at least in part because the asserted claims of the '084 Patent are invalid.

**IV.    CONCLUSION**

Because Grobler failed to cure the deficiencies in its First Amended Complaint, Grobler's allegations that SCEA induced infringement should be dismissed with prejudice.

Dated:  February 28, 2013

Respectfully submitted,

By:  */s/ Steven W. Flanders*
    Julie S. Turner (Bar No. 191146)
    Steven W. Flanders (Bar No. 206563)
    Turner Boyd LLP
    2570 W. El Camino Real
    Suite 380
    Mountain View, CA 94040
    Telephone: (650) 521-5930
    Facsimile: (650) 521-5931

    Eric A. Buresh (*Pro Hac Vice*)
    eric.buresh@eriseip.com
    ERISE IP, P.A.
    6201 College Boulevard
    Suite 300
    Overland Park, Kansas  66211

    Abran J. Kean (*Pro Hac Vice*)
    abran.kean@eriseip.com
    Paul R. Hart (*Pro Hac Vice*)
    paul.hart@eriseip.com
    ERISE IP, P.A.
    5300 DTC Parkway
    Suite 210
    Greenwood Village, CO 80111
    Phone:            (913) 777-5600
    Facsimile:       (913) 777-5601

    Attorneys for Defendant
    SONY COMPUTER
    ENTERTAINMENT AMERICA LLP